PER CURIAM.
Pursuant to the inherent powers of the Supreme Court of Florida, the Canons of Ethics for Judges and Attorneys, adopted by this Court on January 27, 1941, appearing in Volume 3, Florida Statutes 1957, pages 3210 through 3221, 31 F.S.A., are amended as follows:
Rule A, Ethics Governing Judges, shall be amended as hereinafter detailed:
(1) Canon 28 is amended to read as follows :
“28. Partisan Politics. — While entitled to entertain his personal views of political questions, and while not required to surrender his rights or opinions as a citizen, it is inevitable that suspicion of being warped by political bias will attach to a judge who becomes the active promoter of the interests of one political party as against another. He should avoid making political speeches, making or soliciting payment of assessments or contributions to party funds, except as required by law, the public endorsement of candidates for political office and participation in party conventions.
“He should neither accept nor retain a place on any party committee nor act as party leader, nor engage generally in partisan activities.”
(2) Canon 35 is amended to read as follows :
“35. Improper publicizing of court proceedings. — Proceedings in court should be conducted with fitting dignity and decorum. The taking of photographs in the court room, during sessions of the court or recesses between sessions, and the broadcasting or televising of court proceedings tend to detract from the essential dignity of the proceedings, distract the witness in giving his testimony, disturb the court, and create misconceptions with respect thereto in the mind of the public and should not be permitted.
“Provided that this restriction shall not apply to photographing the broadcasting or televising, under the supervision of the court, of ceremonial proceedings or of such portions of naturalization proceedings (other than the interrogation of applicant as are designed and carried out exclusively as a ceremony for the purpose of publicly demonstrating in an impressive manner the essential dignity and the serious nature of naturalization.”
Rule B, Section (I), Ethics Governing Attorneys, shall be amended as hereinafter detailed:
(1) Canon 27 is amended to read as follows :
“27. Advertising, direct or indirect. It is unprofessional to solicit professional employment by circulars, advertisements, through touters or by personal communications or interviews not warranted by personal relations. Indirect advertisements for professional employment such as furnishing or inspiring newspaper comments, or procuring his photograph to be published in connection with causes in which the lawyer has been or is engaged or concerning the manner of their conduct, the magnitude of the interest involved, the importance of the lawyer’s position, and all other like self-laudation, offend the traditions and lower the tone of our profession and are reprehensible; but the customary use of simple professional cards is not improper.
“Publication in reputable law lists in a manner consistent with the standards of conduct imposed by these canons of brief •biographical and informative data is permissible. Such data must not be misleading and may include only a statement of the *784 lawyer’s name and the names of his professional associates; addresses, telephone numbers, cable addresses; branches of the profession practices; date and place of birth and admission to the bar; schools attended with dates of graduation, degrees and other educational distinctions; public or quasi-public offices; posts of honor; legal authorships; legal teaching positions; memberships and offices in bar associations and committees thereof, in legal and scientific societies and legal fraternities; the fact of listings in other reputable law lists; the names and addresses of references; and, with their written consent, the names of clients regularly represented. A certificate of compliance with the Rules and Standards issued by the Special Committee on Law Lists may be treated as evidence that such lists is reputable.
“It is not improper for a lawyer who is admitted to practice as a proctor in admiralty to use that designation on his letterhead or shingle or for a lawyer who has complied with the statutory requirements of admission to practice before the patent office, to so use the designation ‘patent attorney’ or ‘patent lawyer’ or ‘trademark attorney’ or ‘trademark lawyer’ or any combination of those terms.” (2) Following Canon 42 there shall be inserted the following rule to be designated Canon 43:
“43. Approved law lists. It shall be improper for lawyer to permit his name to be published in a law list the conduct, management or contents of which are calculated or likely to deceive or injure the public or the profession, or to lower the dignity or standing of the profession.” (3) Canons 43 through 46 shall be renumbered and designated Canons 44 through 47, respectively. (4) There shall be added to the Canons of Ethics governing attorneys the following provision, to be designated Canon 48:
“48. Communist affiliation. — No lawyer shall become a member of, ally himself with, or in any way lend his allegiance to the Communist party or any subsidiary thereof (as contemplated by amendment to Article XI, disciplinary rule, of the Integration Rule of the Florida Bar, adopted July 13, 1956).
TERRELL, C. J., and THOMAS, HOBSON, ROBERTS, DREW, THOR-NAL and O’CONNELL, JJ., concur.